810 F.2d 203
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Carl THOMAS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 85-4040.
 United States Court of Appeals, Sixth Circuit.
 Nov. 19, 1986.
 
 Before MARTIN, MILBURN and BOGGS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Carl Thomas, incarcerated after pleading guilty to a charge of maliciously damaging and destroying a structure by means of an explosive, appeals the denial of his motion to vacate his sentence. On April 26, 1984, a five-count indictment was returned charging Carl Thomas and two codefendants with offenses relating to the bombing of a residence in Carroll, Ohio. Thomas was charged in the first count with conspiracy and in the second count with maliciously damaging and destroying a structure by means of an explosive in violation of 18 U.S.C. § 844(i) and § 2. In count three, Thomas was further charged with using extortionate means to collect an extension of credit.
 
 
 2
 On June 28, 1984, as the result of plea agreement, Carl Thomas pled guilty to that portion of count two which did not allege injury to the person. As a result of this guilty plea on August 7, 1984, Thomas was sentenced to a period of imprisonment of seven years to be served consecutively with any other sentence he was then serving in the federal penal system. Pursuant to the plea agreement counts one and three of the indictment were dismissed.
 
 
 3
 Carl Thomas did not appeal this guilty plea nor his sentence. However, on October 9, 1984, he sent to the United States District Court for the Southern District of Ohio at Columbus a letter which the court treated as a motion for reduction of sentence. On October 23, 1984, this motion was denied. In September of 1985 a motion to vacate sentence under 28 U.S.C. § 2255 was filed. That motion to vacate sentence was also denied. The district court denied the motion because of the plea of guilty and because Thomas had failed to raise any issue which warranted further consideration in light of his plea of guilty.
 
 
 4
 Thomas argues here as he did there that his conviction should be set aside because the building damaged in the explosion was not in fact used in an activity affecting interstate commerce. Needless to say, this issue has been raised on previous occasions and rejected. Russell v. United States, 471 U.S. 858, 105 S.Ct. 2455 (1985). We see no basis for the argument that Congress did not intend to protect the building which Thomas acknowledged he had attempted to bomb.
 
 
 5
 In light of the guilty plea upon our review of the record before us, we find no basis for granting his motion that sentence be vacated.
 
 
 6
 The judgment of the district court is affirmed.